JUSTICE COTTER
dissents.
¶24 I dissent from the Court’s blithe dismissal of Owens’s claims. I would reverse the District Court’s judgment affirming the Final Agency Decision and remand with instructions to reinstate Owens’s license.
¶25 The Court offers two bases for its decision. The first-that there was a false statement included in Owens’s application justifying the revocation-was effectively dealt a death blow by the recent amendment to § 16-4-402, MCA, as referenced in ¶ 19 of the Court’s Opinion. The amendment provides that if a false statement in an application is based upon a verifiable assertion of a governmental agent upon which an applicant relied in good faith, the Department may not revoke a license on the basis of such a false statement. This amendment applies by its terms to this case, as these revocation proceedings have not yet been finally adjudicated (Opinion, ¶ 19), and is dispositive of the “false statement” grounds for revocation.
¶26 As Owens points out and this Court concedes, Brian Wood, the city zoning administrator, concurred with Balstad’s conclusion that the property sat beyond the 5-mile radius. Opinion, ¶ 8. Woods testified during the administrative hearing of March 8-9, 2001, to this effect, confirming that he and Balstad together performed a “fairly simple mathematical procedure” using the scale of the USGS maps to determine where the 5-mile line would be, and further that he concurred in the conclusion that the property in question was beyond the 5-mile line. Owens and Balstad had every right to rely on this assertion. Thus, Owens has demonstrated on the record “a verifiable assertion made by a governmental officer, employee or agent” upon which she was entitled to and did rely in good faith. Under the law as amended, therefore, any false statement as to distance may not be used as a basis for revocation of her license.
¶27 Seemingly conceding the preclusive effect of this statutory change (Opinion, ¶ 21), the Court offers an alternative conclusion, that being that the quota provisions for all-beverage licenses also invalidated Owens’s license. The Court states that because “the Department had issued invalidly a county license for an establishment that required a city license,” the Director correctly concluded that Owens’s license should be revoked. Opinion, ¶ 22. With all due respect, this conclusion is both unfair and wrong. It is unfair because the reasoning is *55 circular-the argument that the license was invalid rests upon the “false statement” grounds eliminated by the statutory amendment noted above. Moreover, any mistake ostensibly made was that of the Department, and not Owens. More importantly, it is wrong because in 1997, the City of Kalispell informed the Department that as a result of an annexation, Owens’s premises was now located within the corporate boundaries of Kalispell, thus requiring Owens to obtain a City license. Owens proceeded to obtain a City license as directed by the Department, paying twice the fee for the privilege when she renewed her license the following year. Therefore, any problem ostensibly created by virtue of the erroneous issuance of a County license was eliminated by the Department when it instructed Owens to secure a City license and she did so.
¶28 Owens jumped through every administrative hoop required, securing all approvals and the license needed to proceed with the construction of her bar. Justifiably assuming that her license was valid, she then spent 13 months and considerable money in improving the premises. The revocation of her license years after the fact is neither just nor legally supportable. I would therefore reverse and remand with instructions to reinstate Owens’s license. I strongly dissent from our refusal to do so.